UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Petitioner, | § |
| v. | § Case No. 4:23-mc-01644 |
| JETALL COMPANIES, INC. AND MOHAMMED ALI CHOUDHRI, | § |
| Respondents. | § |

UNITED STATES' OPPOSITION TO
RESPONDENTS' MOTION FOR RETURN OF PROPERTY

The United States, by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to Respondents' Motion for the Return of Property. *See* ECF No. 46 ("Mot."). Because Respondents have not established the violation of any law or a basis for the requested relief, the Court should deny the motion in its entirety.[1]

INTRODUCTION

Respondents claim that the United States is holding a "hard drive" taken from Jetall by its former Chief Operating Officer, Christopher Wyatt, and the United States' possession of this hard drive violates the Fourth, Fifth, and Sixth Amendments to the United States Constitution. As a result, Respondents demand the return of the hard drive. Respondents' motion should be denied for multiple reasons.

First, the United States has repeatedly told both Respondents and this Court that the United States never received a hard drive from Mr. Wyatt or anyone on his behalf. Despite the

---

[1] In addition to the arguments set forth below, Respondents' motion should also be denied because Respondents did not confer with the United States before filing their motion as required under Local Rule 7.1(D).

United States' clear statements, Respondents persist in this false allegation.

Second, during a court conference on November 6, 2024, Respondents' counsel suggested that Mr. Wyatt may have "printed" documents from the hard drive and given these printed documents to the United States. Even this alternative argument creates no constitutional violation. Assuming the United States is in possession of documents provided by Mr. Wyatt, there is no Fourth Amendment violation because Respondents allege only that Mr. Wyatt took the hard drive in his capacity as a private citizen. The United States is not liable for a search or seizure conducted by private citizens, even where information is later delivered to the United States. The fact Mr. Wyatt allegedly signed a nondisclosure agreement in his employment with Jetall does not transform his alleged conduct into a Fourth Amendment violation.

Third, Respondents' Fifth Amendment claim fails because they do not articulate what constitutional restriction has been violated or what due process was denied. Respondents' failure to articulate their argument operates as a waiver under Fifth Circuit law. In addition, this claim fails because Mr. Wyatt was acting as a private citizen when he allegedly took the hard drive and no Fifth Amendment claim exists against the United States for the actions of a private person.

Finally, Respondents' Sixth Amendment claim fails because there is no constitutional right to counsel in civil disputes such as this one.

## ARGUMENT

I.      The United States Never Received A "Hard Drive" From Mr. Wyatt.

As the United States has repeatedly asserted, counsel for the Government is not in possession of any hard drive produced by Mr. Wyatt. Mr. Wyatt's testimony attached to Respondents' motion does not support their argument. Mr. Wyatt testifies that he took a "hard drive" when he left Jetall, Mot. Ex. 1 at 124:10-12, but delivered "documents" to the United

States, *id*. at 127:15-20. Mr. Wyatt does not testify that he delivered a hard drive to the United States. Respondents have failed to establish that any hard drive was delivered to the United States, and in any event the United States never received a hard drive from Mr. Wyatt.

II.  Respondents Have Not Met Their Burden To Establish A Violation Of The Fourth Amendment.

Respondents allege that the United States' possession of the hard drive or documents delivered by Mr. Wyatt is an improper "seizure" and any review of the materials by the United States is an improper "search" under the Fourth Amendment. Mot. at 4-5. Respondents have the burden of establishing a Fourth Amendment violation by a preponderance of the evidence. *See United States v. Riazco*, 91 F.3d 752, 754 (5th Cir. 1996). Respondents have failed to meet this burden.

The Fourth Amendment restrains only the actions of the government, not private citizens, and "is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (internal quotation and citation omitted). "Evidence obtained in a wrongful search or seizure by a *private* party . . . does not violate a person's rights under the Fourth Amendment." *United States v. Cordova-Espinoza*, 49 F.4th 964, 968 (5th Cir. 2022), citing *Jacobsen*, 466 U.S. at 113, (emphasis in original). The United States is also entitled to use evidence uncovered by private individuals. *See United States v. Meals*, 21 F.4th 903, 906 (5th Cir. 2021) ("[I]f a non-government entity violates a person's privacy, finds evidence of a crime, and turns over the evidence to the government, the evidence can be used to obtain warrants or to prosecute.").

The Fifth Circuit has repeatedly held that a defendant's Fourth Amendment rights are not violated where a private citizen acting in a private capacity seizes business records and delivers

3

them to the United States. *See United States v. Prince*, 547 Fed. Appx. 587, 589 (5th Cir. 2013) (holding Fourth Amendment not violated where defendant in a criminal bank fraud case alleged that private attorney for "one of the defrauded banks, illegally obtained his corporate records" by entering the defendant's "corporate office and . . . confiscat[ing] certain files"); *United States v. Jackson*, 578 F.2d 1162, 1163 (5th Cir. 1978) (holding Fourth Amendment not violated when court admitted into evidence "copies of business records that were stolen by a 'divorced ex-spouse' and turned over to the Internal Revenue Service").[2]

An employee nondisclosure agreement does not alter the Fourth Amendment analysis or provide any greater Fourth Amendment protections. *See Stewart v. Evans*, 351 F.3d 1239, 1244 (D.C. Cir. 2003) ("The Fourth Amendment protects privacy; it does not constitutionalize non-disclosure agreements."); *see also United States v. Miller*, 425 U.S. 435, 443(1976) ("This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed.").

Assuming for purposes of this motion that Mr. Wyatt did take documents from Jetall and deliver them to the United States, Respondents have established only that Mr. Wyatt acted as a private citizen. Respondents do not allege that an officer of the United States entered Jetall's premises or seized Jetall's documents. Respondents also do not allege that the United States

---

[2] An individual's conduct can be attributable to the United States under the Fourth Amendment when the individual is an agent of the United States. *See Cordova-Espinoza*, 49 F.4th at 972 (explaining two agency tests used in the Fifth Circuit). Respondents do not argue or provide any evidence that Mr. Wyatt was acting as an agent of the United States when he allegedly took the hard drive. And in fact Mr. Wyatt was not acting as an agent of the United States. Because Respondents have offered no evidence, this Court need not "hypothesize standards that could pertain to evaluating non-existent evidence." *Meals*, 21 F.4th at 908 (rejecting unsupported Fourth Amendment claim).

directed Mr. Wyatt to take any documents from Jetall, and to be clear, it did not.  Regardless of how "unreasonable" Respondents believe Mr. Wyatt's actions to be, a search or seizure by a private citizen acting on his own does not violate the Fourth Amendment or affect the right of the United States to use such evidence.  Nor does the fact Mr. Wyatt allegedly signed a nondisclosure agreement with Jetall transform the conduct into a Fourth Amendment violation.

III.    Respondents Have Failed To Establish A Violation Of The Fifth Amendment.

Respondents allege the United States' possession of the hard drive—or documents "printed" from the hard drive—without a court hearing is a violation of their procedural due process rights.  Mot. at 4.  "When confronted with a claim for deprivation of procedural due process, we first ask whether the [government] has deprived the individual of a liberty or property interest.  We then ask whether procedures accompanying such deprivation were unconstitutional."  *McClure v. Biesenbach*, 355 Fed. Appx 800, 805 (5th Cir. 2009) (citing *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989)) (internal citation omitted).  It is not the deprivation of a constitutionally protected interest itself that is unconstitutional, but rather "what is unconstitutional is the deprivation of such an interest without due process of law."  *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)).  Where a deprivation has occurred, a defendant is entitled to the "right to be heard," but "due process is flexible and calls for such procedural protections as the particular situation demands."  *Mathews v. Eldridge*, 424 U.S. 319, 321, 334 (1976).  Respondents' Fifth Amendment claim fails for multiple reasons.

First, although Respondents assert that the United States has deprived them of their interest in their tangible property, namely, the hard drive and any documents "printed" from the hard drive, Respondents' motion fails to explain what due process Respondents are entitled to

that has been denied. Respondents also fail to cite any legal authority supporting their argument. *See* Mot. at 4. An argument that is not adequately briefed before the Court is waived. *See In re Cao,* 619 F.3d 410, 435 (5th Cir. 2010) (noting that the role of the Court is "not to create arguments for adjudication" or "raise [them] like a Phoenix from the ashes[,]" but "rather, [the Court's] role is to adjudicate those arguments with which [it is] presented"); *Grimes v. Santander Consumer USA*, No. 3:22-CV-1933-X-BH, 2023 WL 5022276, at *6 (N.D. Tex. July 13, 2023), *report and recommendation adopted*, No. 3:22-CV-1933-X-BH, 2023 WL 5021786 (N.D. Tex. Aug. 5, 2023) ("To properly raise an argument, a party must ordinarily identify the relevant legal standards and any relevant Fifth Circuit cases."), citing *United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010).

Second, as noted above, the United States is not (and was never) in possession of any hard drive and therefore there was no "deprivation" of Respondents' property in the first instance, and thus no due process violation. Even if the Court assumes the United States is in possession of documents "printed" from the hard drive, the United States has found no case holding that copies of business records constitute a protected property interest within the meaning of the Due Process Clause of the Fifth Amendment. *Cf. Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 570 (1972) ("the range of interests protected by procedural due process is not infinite"); *United States v. Inigo*, 925 F.2d 641, 656 (3d Cir. 1991) (holding no Fifth Amendment violation where Swiss police seized the defendant's business records and turned them over to the FBI).

Third, "[t]he Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor," not actions of private citizens. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). As with Respondents' Fourth Amendment claim, the only

6

allegation here is that Mr. Wyatt took the hard drive from Jetall, but no violation against the United States exists for actions of a private citizen. Furthermore, even "[t]he most outrageous behavior by a private party seeking to secure evidence against a defendant does not make that evidence inadmissible under the Due Process Clause." *Colorado v. Connelly*, 479 U.S. 157, 166 (1986).[3]

Finally, even if the Court assumes Respondents have some constitutionally protected interest in documents that Mr. Wyatt allegedly printed from the hard drive and provided to the United States (which the United States does not concede), the typical remedy in a government investigation, and one that satisfies due process, is the return of any property at the close of the government's investigation or after trial. *Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir. 1990) ("The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated."); *United States v. Rodriguez*, No. 1:13-CR-95-TH, 2020 WL 13556679, at *3 (E.D. Tex. Nov. 24, 2020) ("The government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture."); *see also Ewing v. Mytinger & Casselberry*, 339 U.S. 594, 599 (1950) ("It is sufficient, where only property rights are concerned, that there is at some stage an opportunity for a hearing and a judicial determination.").

IV.     Respondents Have Failed To Establish A Violation Of The Sixth Amendment Or Intrusion Upon Any Potential Privilege.

Respondents allege that it is improper for the United States to retain possession of the

---

[3] Under limited circumstances not present here the actions of a private individual are attributable to the United States under the Fifth Amendment. *See Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (discussing Supreme Court tests for attribution). Respondents do not argue that any of these tests apply or are satisfied here.

hard drive because they believe it may contain attorney-client privileged communications, although they provide no support or basis for their belief. Mot. at 5. The United States is not (and has never been) in possession of Respondents' hard drive, and Respondents provide no evidence that Mr. Wyatt provided any documents to the United States protected by a privilege belonging to Respondents.

In addition, Respondents appear to allege that their Sixth Amendment right to counsel is somehow implicated. Respondents' argument fails because the Sixth Amendment is inapplicable in a civil proceeding such as this one. *Federal Trade Commission v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) ("The Sixth Amendment right to counsel is inapplicable in civil cases."); *Sanchez v. United States Postal Service*, 785 F.2d 1236, 1237 (5th Cir. 1986) ("[W]e now expressly hold that the sixth amendment right to effective assistance of counsel does not apply to civil litigation.").

## CONCLUSION

For all of the reasons discussed above, the United States respectfully requests that the Court deny Respondents' motion in its entirety.

Date:   November 26, 2024

        Brian Boynton
        Principal Deputy Assistant Attorney General

        ALAMDAR S. HAMDANI
        United States Attorney

        */s/Kenneth Shaitelman*
        Kenneth Shaitelman
        Assistant United States Attorney
        Southern District Bar Number: 14199778
        Texas Bar Number: 24077606
        1000 Louisiana, Suite 2300
        Houston, TX 77002
        Telephone: (713) 567-9609

Facsimile: (713) 718-3303
E-mail: kenneth.shaitelman@usdoj.gov

*Attorney-in-charge for the United States of America*

Jamie A. Yavelberg
Allison Cendali
Anthony D. Gill
Attorneys, Civil Fraud Section
U.S. Department of Justice
175 N. Street, NE
Washington, DC 20002

**CERTIFICATE OF SERVICE**

   I certify that on November 26, 2024, a copy of the foregoing opposition was served on the following counsel of record of Respondents by electronic mail via CM/ECF:

Lance Hac Nguyen
Law Office of Lance Nguyen
6001 Savoy, #120
Houston, TX 77036
Email: Lancehac@gmail.com
Attorney for Respondents

                */s/Kenneth Shaitelman*
                Kenneth Shaitelman
                Assistant United States Attorney